IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Cr. No. 20-cr-01218-KWR

JAMES JOE,

    Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE
## JURY TRIAL AND MOTIONS DEADLINES

Defendant James Joe, by and through his counsel of record Assistant Federal Public Defender Esperanza Lujan, moves the Court to continue the jury trial currently scheduled for July 13, 2020, and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of this Motion, Mr. Joe states:

    1.    On May 21, 2020, Mr. Joe pleaded not guilty to an Indictment charging him with one count of assault with a dangerous weapon in Indian Country in violation of 18 U.S.C. §§ 1153 and 113(a)(3), and one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).

    2.    The Court set the matter for trial on July 13, 2020. The call of the calendar is set for July 9, 2020.

    3.    Defense counsel has received initial discovery, which includes photographs, audio recordings, lapel videos, and reports. On May 24, 2020, a warrant was issued for Mr. Joe's arrest for failure to comply with his pretrial conditions of release. As a result, Counsel has not yet had an opportunity to thoroughly review the discovery with Mr. Joe., and to identify potential defenses

1

and witnesses. Under these circumstances, Counsel requires additional time to continue discovery review in this case.

4. Before defense counsel can adequately advise Mr. Joe about his legal options, counsel must also conduct a thorough and complete investigation into the count charged. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

5. Defense counsel also requires additional time to investigate this case and to determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot eventually advise Mr. Joe on pretrial motions prior to conducting a thorough review of all discovery and completing the defense investigation.

6. Moreover, the parties will likely require time to discuss the possibility of a negotiated resolution. If the parties cannot reach a negotiated resolution, defense counsel requires additional time to prepare for trial. Mr. Joe's right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without this time to prepare, Mr. Joe will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

7. Defense counsel therefore respectfully requests a continuance of ninety (90) days in order to prepare for trial. Mr. Joe cannot be and will not be ready for trial in advance of ninety (90) days from the current setting.

8. Defense counsel believes that a continuance of ninety (90) days from the current trial setting is the minimum length of time necessary to complete the following tasks:

   a) To allow defense counsel an opportunity to thoroughly review all discovery.

   b) To allow defense counsel to conduct a reasonable and thorough investigation.

   c) To allow defense counsel to determine whether to file pretrial motions.

9. The continuance will not prejudice Mr. Joe, as it will allow counsel an opportunity to prepare an effective defense and fully investigate the case prior to attempting to negotiate a favorable plea bargain.

10. Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense to conduct a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions.

11. This motion is not predicated upon congestion of the Court's docket.

12. This is Defendant's first motion to continue trial.

13.     Counsel for the United States, Assistant United States Attorney Elisa Dimas, does not oppose a continuance.

WHEREFORE, Mr. Joe respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
esperanza_lujan@gmail.com

*Electronically filed June 29, 2020*
/s/ Esperanza Lujan
Assistant Federal Public Defender
Attorney for Defendant